IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DIANA M. MILLER,
    Plaintiff,

v.   No:  3:05cv195/MCR/MD

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.

_____

**REPORT AND RECOMMENDATION**

    Before the court are plaintiff's motion for clarification (doc. 14) and the defendant's motion for remand (doc. 13). The parties have filed their respective responses (docs. 15, 17). Plaintiff earlier asked this court to allow her to supplement the administrative record, alleging (apparently correctly) that the transcript of a hearing had been left out. The court denied relief (doc. 12), reasoning that since this is an appeal from an administrative proceeding, only the defendant can correct and re-certify the record. *See Atteberry v. Finch*, 424 F.2d 36 (1th Cir. 1967) (court is not at liberty to consider evidence not certified by the Commissioner).

    Plaintiff then sought clarification, asking whether the court was ordering the Commissioner to correct the record, or just suggesting it. The Commissioner responded by asking for remand, asserting that materials that had earlier been submitted by plaintiff had not been considered by the Appeals Council, and that these materials "appeared to have merit and should be considered." (Doc. 13). The Commissioner also indicated that the transcript of the hearing would also be

included in the record.  Plaintiff in turn objected to remand, arguing that the material which the Commissioner did not consider must be a single report from a treating physician, and that the Commissioner's error in denying benefits is obvious such that remand is not necessary.  Plaintiff also requests a different ALJ if the matter is remanded.

Given the competing contentions here, it is obvious that the case is not ripe for appeal in this court.  Plaintiff contends that the administrative record is incomplete.  The court has already stated that correcting the record is for the Commissioner, not the court.  The Commissioner contends that the record needs to be corrected, and that additional evidence, previously submitted but not considered, appears to have merit and should be considered.  Under these circumstances remand is appropriate.  Also, the appointment of a particular ALJ is for the Commissioner, not the court, and if plaintiff feels that the ALJ was biased, she should address that complaint to the Commissioner.  *See Sykes v. Bowen*, 854 F.2d 284 (8th Cir. 1988).

Accordingly, it is respectfully ORDERED that plaintiff's motion for clarification (doc. 14) is GRANTED to the extent that this order has been entered, and

it is respectfully RECOMMENDED defendant's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g) (doc. 13) be GRANTED, that this case be remanded to the Commissioner for further proceedings, that the court retain jurisdiction while the case is on remand, and that the Commissioner be ordered to file with the court a status report after sixty days, and every sixty days thereafter.

At Pensacola, Florida this 21st day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** See **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**