**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DIANA M. MILLER,**
        **Plaintiff,**

**v.**                                                    **3:05cv195/MCR/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion for attorney fees and expenses under the Equal Access to Justice Act (EAJA)(doc. 33) and the parties joint motion for order granting fees, in which they announced that they had arrived at a stipulated amount (doc. 38). The plaintiff seeks an award of fees in the amount of $5,453.37, expenses of $48.65 and filing fee costs of $250.00. Defendant has responded by filing a joint motion for order granting attorney's fees and expenses and represents that the parties have agreed as set forth herein (doc. 38).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the

Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA.  Here, the court reversed the decision of the Commissioner under sentence four.  The application was filed timely, and the Commissioner's position was not substantially justified.  Defendant does not disagree that fees and costs should be paid in this case and represents that the parties have jointly agreed to fees of $4,800.00 and costs of $250.00 (doc. 38).  Accordingly, plaintiff is clearly entitled to fees and costs.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The plaintiff's attorney seeks compensation for $5,453.70, which represents 37.10 hours spent representing plaintiff in court-related proceedings at $147.00 per hour.  In addition, plaintiff requests reimbursement for the $250.00 filing fee and expenses of $48.65. Defendant has represented to the court that the parties have agreed to attorney's fees in the amount of $4.800.00 and costs of $250.00.

It is therefore RECOMMENDED:

1.      That the plaintiff's motion for fees, and the parties' joint motion for order granting attorney's fees and expenses under the Equal Access to Justice Act (docs. 33, 38) be granted as set forth below.

2.      That plaintiff's counsel, Stephanie A. Taylor, Esquire, is entitled to recover  reasonable fees for representing plaintiff  before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees of $4,800.00 under the EAJA is reasonable; and the Commissioner be

directed to pay counsel this amount from Social Security appropriations.  Costs in the amount of $250.00 should also be awarded, to be paid from the Judgment Fund.

At Pensacola, Florida this 17th  day of September, 2007.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).